IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CINGULAR WIRELESS, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OMAR AHMAD,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　No. 05 C 6250<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Omar Ahmad's ("Ahmad") motion to stay the proceedings or in the alternative to dismiss. For the reasons stated below, we deny the motion to stay and the motion to dismiss.

## BACKGROUND

According to Plaintiff Cingular Wireless LLC ("Cingular"), Ahmad is the owner and C.E.O. of PlatinumTel Communications LLC ("PlatinumTel"), a company that in 2001, entered into a reseller agreement ("2001 Agreement) with Cingular. Under the 2001 Agreement, PlatinumTel agreed to purchase Cingular products and resell them to PlatinumTel customers. In exchange, PlatinumTel

1

allegedly agreed to pay Cingular within thirty days of receiving an invoice for the services provided by Cingular under the 2001 Agreement. In 2003, Cingular and PlatinumTel allegedly entered into a renewed reseller agreement ("2003 Agreement"), under which PlatinumTel agreed to purchase and resell Cingular products. Under the 2003 Agreement, PlatinumTel allegedly agreed to notify Cingular in writing of any payment disputes. Cingular claims that at the time the instant action was filed, PlatinumTel had failed to pay Cingular over $4,500,000 for services that PlatinumTel received under the 2003 Agreement. Cingular also alleges that in November 2001, Ahmad and Cingular entered into a guaranty agreement ("Guaranty Agreement"), under which "Ahmad unconditionally and absolutely guaranteed to Cingular the prompt and full payment of any and all indebtedness by PlatinumTel and owing to Cingular . . . ." (Compl. Par. 21). Cingular contends that it is not required to seek payment from PlatinumTel before it proceeds against Ahmad for any amounts due. Cingular filed the instant action against Ahmad on October 31, 2005, alleging a breach of the Guaranty Agreement.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint.

2

*Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action' . . . ." *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating also that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466- 67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

# DISCUSSION

## I. Motion to Stay Pending Arbitration

Ahmad moves the court to stay the instant action, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, ("FAA"), while an arbitration proceeding regarding the amount owed by PlatinumTel to Cingular under the 2003 Agreement is pending. Under the FAA, a federal court must stay an action "when an issue presented in the case is referable to arbitration." *Tinder v. Pinkerton Security*, 305 F.3d 728, 733 (7th Cir. 2002)(citing 9 U.S.C. § 3). For the FAA to require a stay, the parties involved in the litigation must be the same parties who are involved in the arbitration. *IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 529 (7th Cir. 1996)(stating that "[t]he statute has no application to 'issues' in cases between different parties"). In addition, the Seventh Circuit has stated that a court may, in its discretion, stay an action while there is a parallel arbitration proceeding, even if the FAA does not compel such a stay. *See Id.* at 530 (stating that "[i]t is always open to a party to ask the court to stay proceedings in his case pending decision in another case [and that a] judge asked to grant such a motion must make a discretionary judgment"); *see also CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851 (7th Cir. 2002)(stating that "[a] federal court is authorized to stay proceedings in a lawsuit before it because parallel proceedings are pending in another court [but that] [i]t should not dismiss the proceedings before it"). However, "[a]bstention in favor of a parallel proceeding in another court is disfavored." *CIGNA HealthCare of*

*St. Louis, Inc.*, 294 F.3d at 851.

In the instant action, Ahmad, the party seeking the stay, is not a party to the arbitration proceedings, which involve only Cingular and PlatinumTel. Accordingly, the FAA does not compel a stay in this case. Furthermore, we find that a discretionary stay is not appropriate in the instant action, given that staying the case would obliterate the Guaranty Agreement, which clearly states that Cingular need not "proceed first, or at all, against [PlatinumTel,] for payment or performance of the Obligations before resorting to the Guarantor." (Comp. Ex. B, 1). Therefore, we deny Ahmad's motion to stay the proceedings.

II. Motion to Dismiss

Ahmad has also moved to dismiss the instant action, claiming that the Guaranty Agreement does not cover the money owed to Cingular by PlatinumTel under the 2003 Agreement. Specifically, Ahmad argues that the Guaranty Agreement would only apply to the 2003 Agreement if the later agreement was a renewal agreement, as defined by the 2001 Agreement. Cingular, on the other hand, argues that the 2003 Agreement is merely a renewal of the 2001 Agreement and that the Guaranty Agreement expressly applies to all obligation owed by PlatinumTel to Cingular, including those that arise in the future.

Under Illinois law, "[a] guarantor's liability is determined from the guarantee contract, which is interpreted by the general principles of contract construction."

*Cohen v. Continental Illinois Nat. Bank & Trust Co. of Chicago*, 618 N.E.2d 1060, 1063 (Ill. App. Ct. 1993). In addition, such a determination is a question of law that the court must make. *Id.* When a plaintiff is asserting a claim arising from a contract that is attached to the complaint "and where such contract shows unambiguously on its face that the relief prayed for is not merited, dismissal is both justified and appropriate." *Goodman v. Board of Trustees of Community College Dist. 524*, 498 F.Supp. 1329, 1337 (D.C. Ill. 1980).

In the instant action, the Guaranty Agreement, which is attached as an exhibit to Cingular's complaint, states that Ahmad is liable for PlatinumTel's future debts to Cingular and that the Guaranty Agreement is "absolute, continuing, and unlimited." (Compl. Ex. B, 1). This supports Cingular's contention that the Guaranty Agreement applied to PlatinumTel's obligations under the 2003 Agreement and shows that the contract, at least for the purposes of surviving a motion to dismiss, is not so unambiguous as to require a dismissal of the instant action. The arguments made by Ahmad in his motion to dismiss go beyond the sufficiency of Cingular's complaint, as is evidenced by that fact that all of the cases sited by Ahmad in support of his motion to dismiss are actually summary judgment decisions, except *Roberts v. Standard Ins. Co.*, 2004 WL 2367741 (N.D. Ill. 2004), which involved a motion to amend. (Mot. 6-7). Accordingly, we find that Cingular has included sufficient allegations in the complaint to state a claim for breach of contract and, therefore, we deny Ahmad's motion to dismiss.

## CONCLUSION

Based on the foregoing reasons, we deny Ahmad's motion to stay the proceedings and the motion to dismiss.

/s/ Samuel Der-Yeghiayan
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   March 22, 2006